PARKER v. PARKER.

1. FRAUD—MORTGAGES.—A junior mortgagee, having accepted from a senior mortgagee a postponement of his lien, cannot afterwards attack senior mortgage as fraudulent.

2. MORTGAGES—EVIDENCE—PAROL EVIDENCE.—Is parol agreement valid, between mortgagor and mortgagee, at time of conveyance of mortgaged lands in satisfaction of debt, to permit mortgage to remain open to prevent any liens interfering therewith?

3. MORTGAGES—FRAUD—EQUITY—MERGER.—When a senior mortgagee releases his prior lien to that of junior mortgagee, and he takes conveyance of land in satisfaction of mortgage debt, and then resells

to mortgagor at greater price than original mortgage debt, without consent of senior mortgagee, the transaction will be set aside, but equity will compel the senior mortgagee to stand back until original junior mortgage debt has been paid.

Before BENET, J., Anderson, February, 1897.    Reversed.

Action in foreclosure by Emaline Parker *v.* W. R. Parker, O. H. P. Fant, and Sarah A. Hamby.    From decree setting aside plaintiff's mortgage, she appeals.

*Mr. J. C. C. Featherstone,* for appellant (argues facts).

*Messrs. Ferguson & Featherstone,* also for appellant, cite: *Voluntary conveyance is not fraudulent as to subsequent creditors and purchasers:* 18 S. C., 528; 6 Paige, 535; 52 Bark., 26; 111 U. S., 117; 8 Wheat., 229; 11 Wheat., 195; McC., 167; 1 Hill Ch., 121; 3 Rich. Eq., 41; 1 McC., 231; 4 Sandf. Ch., 312; 19 S. C., 385; 22 S. C., 531; 20 S. C., 555; 2 Bail., 461.    *Merger:* 17 S. C., 499; 24 S. C., 19; 26 S. C., 425; 27 S. C., 572; 43 S. C., 50.    *Admissions treated against admitting party:* 12 S. C., 354.    *Party not affected by fraud unless he participated in it:* 47 S. C., 582.

*Mr. J. N. Brown,* contra (no argument).

*Messrs. Tribble & Prince,* also contra, cite: *Rule as to finding of fact below:* 43 S. C., 426; 42 S. C., 283.    *Acceptance of release of lien estops junior mortgagee from attacking senior mortgage:* 6 S. C., 29.    *Circumstances attending transaction may be shown by parol, to show intention:* 24 S. C., 18; 31 S. C., 281; 21 S. C., 400; 17 S. C., 329; 47 S. C., 648.    *Was there merger?* 26 S. C., 424.

April 19, 1898.    The opinion of the Court was delivered by

MR. JUSTICE POPE.    The plaintiff sought to foreclose her mortgage upon 154 acres of land, located in Anderson County, in this State, which mortgage had been executed in the year 1887, by the defendant, W. R. Parker; and the

defendants, Fant and Hamby, were made parties because they were in possession of said lands, claiming them as their own. The defendant, W. R. Parker, made default, but the defendants, Fant and Hamby, vigorously assailed plaintiff's said mortgage: first, because it was an actual fraud; second, because, in case such defense was overruled, the plaintiff had expressly waived the priority of the same in favor of the mortgage, given over the same lands by W. R. Parker, to secure a debt, in the first instance, of $1,350, and, in the second instance, of a debt of $128, held by Edwards B. Murray, and by him assigned to Fant, which debt of $128 was secured by a mortgage on the 154 acres of land, and to which mortgage the said plaintiff had in writing waived the lien of her mortgage; and that although Fant held a deed to 134 acres of the land, and the defendant, Hamby, held a deed for the remaining twenty acres of the 154 acres of land, yet said deeds were taken with the agreement that the mortgages over the same, executed by W. R. Parker to Fant and to Murray, should remain open and unsatisfied, so as to protect the same against any liens over the same obtained through W. R. Parker. The cause came on to be heard by his Honor, Judge Benet, who, by his decree, declared and adjudged that the mortgage set up by the plaintiff was fraudulent and void, and that the defendant, Fant, was entitled to hold his thirty acres of the 154 acres in controversy under his deed; that the defendant, Hamby, was entitled to hold the twenty acres of the 154 acres under her deed therefor; and that the 104 acres of the 154 acres should be sold by the master to pay the debt due by W. R. Parker to O. H. P. Fant.

From this decree the plaintiff alone appeals. Her grounds of appeal raise practically these questions: *First.* That Fant and his privy, Mrs. Hamby, were not entitled to assail the mortgage held by the plaintiff, for the reason that he had expressly recognized it as a valid and subsisting lien upon the land when he took from the plaintiff a relinquishment in writing, waiving the priority of the plaintiff's mortgage

on the said lands.   *Second.* That even if the first proposi-
tion was not sound law, yet the mortgage held by plaintiff
was free from fraud, and was a valid lien upon said lands.
*Third.* That when the defendant, Fant, while holding a
mortgage upon said lands, took deeds to the same, he thereby,
by operation of law, caused his mortgage and the debt it
secured to be paid and extinguished.

So far as the first ground of appeal is concerned, it seems
to me to be sound.   This seems to my mind clear, not be-
cause the defendants, Fant and Hamby, could not
assail such mortgage as a positive fraud, but simply
because these parties took their papers relating to
this land with a full recognition of the existence and valid-
ity of plaintiff's mortgage.   This being so, it was error in
the Circuit Judge to enter upon the question of the fraud-
ulent character of the plaintiff's mortgage; and this being
my conclusion, I shall not discuss that question.   This view
disposes of the second question also.

Now, as to the third proposition, I confess frankly that it
has occasioned no little study and reflection.   The testi-
mony is not strong or clear as to any agreement touching
the mortgage of W. R. Parker to O. H. P. Fant being kept
open after Parker executed his deeds to the 154 acres of
land to Fant and Mrs. Hamby.   All that pertains to
this matter is found in the testimony of W. F. Fant
and O. H. P. Fant, which was, that when E. B.
Murray, the attorney for the parties, prepared the papers
for the land sale between Parker and Fant, he said Mr. Fant
will keep his mortgage open.   To which announcement
neither Fant nor Parker made any reply.   But O. H. P.
Fant, in his testimony, is also weak on this point.   There
seems little doubt, under the decision of our courts, that
when a mortgagee subsequently takes to himself a convey-
ance of the mortgaged property, his debt and mortgage as
to that property so conveyed is gone.   But if the parties,
mortgagor and mortagee, insert a covenent in the deed of
conveyance of the mortgaged property that such mortgage

shall still remain open to prevent any liens interfering
therewith, in such cases the mortgage is open and effectual.
*Agnew* v. *R. R. Co.*, 24 S. C., 18; and in the subsequent
case of *Bleckeley* v. *Branyan*, 26 S. C., 424, this Court held
that such exception to the general rule was as far as it was
safe to go.   This being so, I have tried not to be influenced
by any sympathy for Fant in the danger he is confronted
with as to the loss of his debt.   All of us must learn to
bow to the firm rules of the law, lest we have no rules.   I
am inclined, however, to view this matter in this light: The
plaintiff is in the court of equity seeking to enforce the lien
of her mortgage as against Fant, when she has in
writing postponed her mortgage to that of Fant; as
she says in her writing to this end: "South Caro-
lina, Anderson County.   For, and in consideration of the
sum of $1,350 loaned to my husband, W. R. Parker, by O.
H. P. Fant, I hereby agree to postpone the lien of a mort-
gage which I hold against W. R. Parker's real estate, in
favor of the within mortgage (this was the mortgage of
Parker to O. H. P. Fant) described, to the payment of the
within mortgage, executed this day by W. R. Parker to O.
H. P. Fant, and it is my purpose hereby to give the said
O. H. P. Fant a prior lien, under the within mortgage, to
the mortgage I hold on the same property, and it is my
purpose to defer the lien of my mortgage to the extent of
the within mortgage."   On the 11th of December, 1889;
W. R. Parker conveyed the 104 acres to O. H. P. Fant; then
on the same day Fant executed a bond to W. R. Parker,
by which he bound himself to convey the 104 acres to W.
R. Parker, his heirs and assigns, whenever Parker paid him
the sum of *$1,200*.   Now, the consideration of Parker's deed
to Fant was only $946 for this land, on the same day that
W. R. Parker agreed to pay Fant $1,200 for it.   The plain-
tiff has the right to hold Fant and Parker to the debt,
principal and interest, which was secured by Parker's mort-
gage to Fant, upon which the plaintiff indorsed the waiver
of the priority of her own mortgage, and also the debt un-

der the mortgage of W. R. Parker to E. B. Murray for $128, when it was assigned in 1893 to O. H. P. Fant. It is evident, from the testimony introduced in this case, that W. R. Parker and O. H. P. Fant have acted in disregard of the plaintiff's rights. They have, of their own free wills, and without asking her consent thereto, attempted to vary the debt secured by the mortgages to Fant and to Murray, now held by Fant, by changing $946 to $1,200, and by charging excessive interest from October to January 1 thereafter, in the sum of $96. What I mean is this: that Fant's debt of $1,350 and $128, at eight per cent. per annum interest, is all that the plaintiff has waived her mortgage as to. Whatever sums, from the sale of land to Howard, have been paid by Parker to Fant, and whatever sums have been realized from the sales of the twenty acres to Mrs. Hamby and thirty acres to O. H. P. Fant, and, in addition, whatever other sums of money have been paid by W. R. Parker to O. H. P. Fant on account of these two mortgages, must be credited on the $1,350 and $128 debts, so that the plaintiff may know her rights touching this 104 acres yet to be sold. That no order for the sale of this 104 acres shall be made until these foregoing facts are ascertained. If the testimony was sufficient to enable this Court to determine these matters, an order fixing the amount now due would be passed; but, as before remarked, there is an absence of such testimony in the "Case." The plaintiff should not be made to suffer for W. R. Parker's recklessness; she has only bound herself to stand back with her prior mortgage until Fant is paid $1,350 and $128. If Fant has any other claims than these against W. R. Parker, the plaintiff is not to be affected by them. It will appear that my observations are based upon the idea that the defendant's, O. H. P. Fant's, mortgage is still subsisting. I think it is, because it is evident, to my mind, at least, that the plaintiff, by her own act, has covenanted to stand back with her mortgage until Fant's debt of $1,350 and $128 are paid. These debts have not been paid. I regard the deed from Parker to Fant

for the 104 acres, and Fant's bond for titles—all executed on the one day—as one single transaction, and but a clumsily devised. scheme to increase the amount due by Parker to Fant, and, as in my view, equity requires them, so far as the plaintiff is concerned, to be set aside, so she must do equity herself by standing back until the true mortgage indebtedness from Parker to Fant shall be paid. The Circuit Judge has erred, therefore, in fixing the amount due by Parker to Fant, and in ordering a sale of the 104 acres of land. His decree must be reversed, and the cause remitted to the Circuit Court to enforce the views hereinbefore announced.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the cause be remanded to the Circuit Conrt for trial in accordance with the views herein announced.